IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SONJA WHITLOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:06-CV-773-WKW |
| | ) [WO] |
| JUDGE JOHN DENSON, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Sonja Whitlow ["Whitlow"], an indigent inmate, challenges the constitutionality of convictions and a sentence entered against her by the Circuit Court of Lee County, Alabama for trespassing and possession of drug paraphernalia. Whitlow seeks release from incarceration and monetary damages.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

**DISCUSSION**

Whitlow complains that the named defendants violated her constitutional rights because (i) her convictions violate double jeopardy, (ii) counsel provided ineffective assistance at the criminal proceedings, (iii) the evidence was insufficient to support the

---

[1] 1. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

convictions, and (iv) the sentence imposed constitutes cruel and unusual punishment. The aforementioned claims go to the fundamental legality of Whitlow's convictions and resulting sentence. Consequently, these claims provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action. In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the prisoner can demonstrate that the challenged action has previously been

2

invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Supreme Court reiterated its position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The claims presented in the instant complaint challenge the constitutionality of convictions and a sentence imposed upon Whitlow by the Circuit Court of Lee County, Alabama. A judgment in favor of Whitlow on these claims would necessarily imply the invalidity of these convictions and sentence. It is clear from the complaint that the convictions and sentence about which Whitlow complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the judgment of the state court is prohibited and subject to summary dismissal by this court in accordance with the directivess of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before September 12, 2006 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of August, 2006.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE